FILED
 2012 May-29 PM 03:09
 U.S. DISTRICT COURT
 N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| ROGER SHEPPARD MANESS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 11-G-3736-M |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

<u>MEMORANDUM OPINION</u>

This cause is before the court upon the defendant's motion for summary judgment. The court has considered the defendant's motion and the plaintiff's response thereto, as well as the evidentiary submissions of the parties. The defendant's motion asserts that the plaintiff did not file for judicial review within sixty days as required by 42 U.S.C. § 405(g). The plaintiff does not dispute that the appeal was not timely filed. However, plaintiff argues that the limitations period should be equitably tolled.

Plaintiff alleges that he relied upon representations made to him by his former attorneys and was never apprised that they were not going to file a civil action in the Federal District Court until after the sixty day time limit had lapsed. Plaintiff argues that he was subjected to "extraordinary circumstances such as fraud, misinformation or deliberate concealment...." Pl.'s br. at 2. To support this argument, the plaintiff has submitted an affidavit. In that affidavit, plaintiff avers that he received the Notice that the

Appeals Council had denied his request for review, and called his former attorneys. Plaintiff avers that he was advised they would review his case and make a decision about filing an appeal in Federal Court. Plaintiff avers that he was told that they would send him a letter within the next week. Plaintiff avers that approximately one month passed before he received a letter. The plaintiff avers that this letter was the first notice he received that his appeal would not be filed by his former attorneys. That letter contains the following:

> I appreciated the opportunity to speak with you regarding decision [sic] of the Appeals Council denying your request for review of the Administrative Law Judge's prior decision.
>
> As we discussed, that denial gave you the option to a Federal Court action. As we further discussed, this firm will not be filing that lawsuit  It is my understanding that you are going to file a new claim with the Social Security Administration. Again, this firm will be happy to assist you with that claim. Please contact us to discuss that matter further.

Plaintiff does not specifically set forth in what way plaintiff's former attorneys subjected him to "fraud, misinformation or deliberate concealment." The plaintiff in his affidavit does not aver that his former attorneys represented to him that they would file an appeal in the District Court. At best his affidavit is evidence that his former attorneys did not contact him within a week as promised, and then notified him that they would not be filing an appeal on his behalf too late for him to do so.[1]

---

[1] The letter from plaintiff's former attorney indicates plaintiff had been informed that her firm would not be filing an appeal. However, for the purposes of defendant's motion for summary judgment, the court must assume plaintiff had not been so informed.

2

A claimant seeking equitable tolling of section 405(g)'s statute of limitations must "demonstrate extraordinary circumstances, such as fraud, misinformation, or deliberate concealment." Jackson v. Astrue, 506 F.3d 1349,1355 (11th Cir. 2007).  It is well-established that "[e]quitable tolling 'is an extraordinary remedy which should be extended only sparingly.'"  Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir.2004)(quoting Justice v. United States, 6 F.3d 1474,1479 (11th Cir. 1993).  Thus equitable tolling under section 405(g) "is reserved for extraordinary facts." Jackson, 506 F.3d at 1353–54.  In Sandik v. U.S., 177 F.3d 1269, 1271 (11th Cir. 1999), the court stated that equitable tolling was appropriate when a filing was untimely "because of extraordinary circumstances that are both beyond his control and unavoidable even with diligence."   In Jackson, the court noted that the negligence of a plaintiff's attorney was insufficient to warrant equitable tolling.  Jackson, 506 F.3d at 1355.

      Plaintiff has failed to introduce evidence showing that his untimely filing was due to circumstances beyond his control, and was unavoidable even with the exercise of due diligence.  The plaintiff, with the exercise of due diligence, could have confirmed whether or not his former attorneys would be filing an appeal prior to the deadline.  Upon not receiving the letter in the time promised, the plaintiff could have followed up with his former attorneys and determined that they did not intend to file the appeal prior to the

---

Plaintiff's affidavit does not directly allege that the representations in the letter were false.  However, he does aver that the letter was the "first notice I received that my lawsuit was not being filed by [my former attorneys]."

3

expiration of the statutory time limit. The Eleventh Circuit cases emphasize that the standard is "extraordinary circumstances" and that "excusable neglect" is insufficient to allow the statute to be tolled.  Negligence by the plaintiff and/or his attorneys does not meet that standard.  Accordingly, plaintiff has failed to introduce a genuine issue as to any material fact and the defendant's motion for summary judgment is due to be granted.

An appropriate order will be entered contemporaneously herewith.

DONE and ORDERED 29 May 2012.

_____
UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.